UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENEVA LANGWORTHY,<br><br>                   Plaintiff,<br>    v.<br><br>WASHINGTON DIVSION OF VOCATIONAL REHABILITATION, et al.,<br><br>                  Defendants. | CASE NO. 3:25-cv-05546-LK<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court sua sponte. On June 25, 2025, United States Magistrate Judge Grady J. Leupold granted pro se Plaintiff Geneva Langworthy's application to proceed in forma pauperis ("IFP") and recommended that the Court screen the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt No. 3 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Ms. Langworthy's complaint without prejudice.

**I.   BACKGROUND**

On June 18, 2025, Ms. Langworthy filed a motion to proceed IFP accompanied by a proposed complaint against the Washington State Department of Social and Health Services

ORDER DISMISSING COMPLAINT - 1

Division of Vocational Rehabilitation ("DVR") and the Washington State Office of Administrative Hearings ("OAH") for alleged violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Dkt. Nos. 1, 1-1.[1] Ms. Langworthy's complaint alleges that the DVR has prevented her from accessing vocational rehabilitation services for which she is eligible as a disabled individual, Dkt. No. 4 at 4. In particular, Ms. Langworthy alleges that she is a recipient of Social Security disability benefits, is "able and available in participate in [vocational rehabilitation] services," and "ha[s] been trying to participate in the program for ten years." *Id*. However, she states that the DVR "keep[s] on maliciously closing my case for no reasons," and has now "once again clos[ed] my case because I complained about something." *Id.* Further, she alleges that Washington State "has imposed requirements for [vocational rehabilitation] participants that are not consistent with the federal statutes in the Rehabilitation Act," and that the State—presumably via the OAH, which otherwise goes unmentioned in Ms. Langworthy's allegations—does not provide "a functional 'Fair Hearing' process as required by the [Rehabilitation] Act." *Id.* She seeks relief in the form of "[r]equiring the state to overhaul the vocational rehabilitation division and the office of administrative hearings so that they stop discriminating and violating the Rehabilitation Act and the ADA." *Id.* On June 25, 2025, Judge Leupold granted Ms. Langworthy's IFP application, but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons because "it does not appear Plaintiff has adequately stated a claim." Dkt. No. 3 at 1.

## II.   DISCUSSION

### A.   Legal Standard

The Court must dismiss a case when the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or

---

[1] Ms. Langworthy lists the Rehabilitation Act as the only statutory basis for her complaint. Dkt. No. 4 at 3. However, she subsequently mentions the Americans with Disabilities Act ("ADA") as a potential basis for relief. *Id.* at 4.

ORDER DISMISSING COMPLAINT - 2

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, *see Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), such complaints must still include "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). A plaintiff's pro se status does not excuse compliance with this bedrock requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled" (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.      Ms. Langworthy's Complaint Fails to State a Claim**

In suing state agencies, the first hurdle Ms. Langworthy faces is establishing a waiver of those agencies' sovereign immunity. She has not identified a basis for such waiver, and must do

so in any amended complaint. *See Kohn v. State Bar of California*, 119 F.4th 693, 699–700 (9th Cir. 2024) (describing the three-part analysis to determine if a state has waived its immunity to claims under Title II of the ADA); *Vinson v. Thomas*, 288 F.3d 1145, 1151 (9th Cir. 2002) (the Rehabilitation Act's abrogation of Eleventh Amendment immunity for state agencies applies only when the state agency accepts federal financial assistance). Depending on the nature of Ms. Langworthy's claims against OAH and DVR, other immunities may apply. *See, e.g.*, *Blackburn v. Dep't of Soc. & Health Servs.*, 25 Wash. App. 2d 1041 (Wash. Ct. App. 2023), *review denied sub nom. Blackburn v. State*, 532 P.3d 158 (Wash. 2023).

These are not the only deficiencies in Ms. Langworthy's complaint. To make out a prima facie case under either the ADA or the Rehabilitation Act, a plaintiff must show that (1) she is a "qualified individual with a disability," 29 U.S.C. § 794(a); (2) she is "otherwise qualified" to access the program to which she was denied access, with or without reasonable accommodation; (3) she was excluded from participation in the program solely because of her disability; and (4) the program receives federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for an ADA claim). *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Ms. Langworthy pleads none of these elements, and she has also not alleged when the exclusion took place. Any amended complaint must address all these elements as well as the timeliness of her claims. The Court notes that Ms. Langworthy filed similar claims in May 2024, *Langworthy v. Wash. Dept. of Social and Health Services*, No. 3:24-cv-5373, Dkt. No. 1-1 (May 15, 2024), and in January 2018, *Langworthy v. Washington*, No. 2:18-cv-135, Dkt. No. 1-1 (Jan. 26, 2018), suggesting that the claims here may be time-barred.

When dismissing a complaint under Section 1915(e), the Court gives pro se plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In light of the Ninth

ORDER DISMISSING COMPLAINT - 4

Circuit's liberal policy favoring amendment, the court permits Ms. Langworthy to file an amended complaint.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that Ms. Langworthy has failed to state a plausible claim under the Rehabilitation Act or ADA against either Defendant, and dismisses the claims without prejudice and with leave to amend. If Ms. Langworthy chooses to file an amended complaint, she must do so within 21 days of this Order. Her amended complaint must provide a short and plain statement of the factual basis of each of her claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Langworthy believes support each claim, and the specific relief requested.[2]

If Ms. Langworthy fails to file an amended complaint by August 11, 2025, the Court will dismiss this case without prejudice.

Dated this 21st day of July, 2025.

*Lauren King*
Lauren King
United States District Judge

---

[2] Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.